**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MALYNDA M. BREWER,

      Plaintiff,　　　　　　　　　　Case No. 10-14039
　　　　　　　　　　　　　　　　　　Senior United States
v.　　　　　　　　　　　　　　　　　District Judge Arthur J. Tarnow

COMMISSIONER OF SOCIAL SECURITY,　　Magistrate Judge Mark A. Randon

      Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT & RECOMMENDATION [21],**

**DENYING PLAINTIFF'S MOTION TO REMAND [12], and**

**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [19]**

    Before the Court are Plaintiff's Motion to Remand Pursuant to Sentence Four [12] and Defendant's Motion for Summary Judgment [19].

    This Social Security case arises out of a claim for disability insurance benefits by Plaintiff, Malynda M. Brewer, who suffers from, *inter alia*, sinus tachycardia, diabetes mellitus, obesity, depression, and anxiety. The Administrative Law Judge (ALJ) found that despite severe impairments resulting from her conditions, Plaintiff retains the residual functional capacity ("RFC") to perform "work that does not require: exertion above a sedentary level, or more than frequent grasping, or more than simple, routine, repetitious tasks, with one- or two- step instructions, or more than occasional contact with the public, coworkers, or supervisors." R&R [21], at 3 (quoting Tr.). The Appeals Council denied review of the ALJ's decision, and Plaintiff filed this civil action for judicial review of the denial of benefits on October 8, 2010. Plaintiff filed a Motion to Remand to Sentence Four [12], and Defendant filed a Motion for Summary Judgment [19].

    On December 11, 2011, Magistrate Judge Randon filed a Report and Recommendation (R&R) in this matter. The R&R recommends that Plaintiff's Motion [12] be denied and that Defendant's Motion [19] be granted.

    Plaintiff filed an Objection [22] to the Magistrate Judge's R&R. Defendant filed a Response [24]. For the reasons stated below, Plaintiff's objection is overruled.

## ANALYSIS

First,

> [t]he scope of judicial review is limited to determining whether the findings of fact made by the Secretary are supported by substantial evidence, and deciding whether the Secretary employed the proper legal criteria in reaching those findings.

*Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987) (internal citation omitted).

Substantial evidence is more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). This Court does not have the authority to reweigh factual evidence or decide issues of credibility. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992); *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (internal citation omitted). The Court must affirm an ALJ's decision if the findings and inferences reasonably drawn from the record are supported by substantial evidence, even if the record could support a different conclusion. *See Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).

Plaintiff objects that the standing/walking requirement of sedentary work in the RFC is improper. Plaintiff argues that the ALJ did not sufficiently account for her balance problems. The parties agree, however, that the ALJ was not required to list Plaintiff's medical conditions. Obj. [22], at 2; Resp. [24], at 2. The ALJ accounted for Plaintiff's difficulty in walking and standing. The ALJ asked the vocational expert hypothetical questions referring to Plaintiff's limitations. As the Magistrate Judge noted, Plaintiff's medical records regarding balance and disequilibrium problems were inconclusive. R&R [21], at 16. This Court has no authority to reweigh the evidence or decide credibility, even when the evidence could support Plaintiff's differing conclusion. *See Buxton*, 246 F.3d at 772. The ALJ's decision was supported by substantial evidence in the record.

Plaintiff also requests a remand for further proceedings to have the fact finder determine whether a cane is medically necessary. Obj. [22], at 6. As the Defendant notes, Plaintiff bears the burden of proof at steps one through four of the process. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999). Here, there is no basis for this Court to remand this issue to the ALJ for fact finding. While Plaintiff has cited support for an inference that the cane is needed, there is substantial evidence to support the ALJ's decision not to include such a limitation in the RFC. Plaintiff's objection is overruled.

Plaintiff objects that her limitations in maintaining concentration, persistence, and pace were not adequately accounted for in the RFC and hypothetical. Obj. [22], at 6-8. The ALJ considered Plaintiff's claims of difficulty concentrating and remembering things, especially when her blood sugar is high. ALJ Decision [10-2], at 16. The ALJ found that the documented difficulties do not interfere with her ability to "perform simple tasks specified in the RFC." *Id.* The ALJ's decision was supported by substantial evidence. This Court does not have the authority to reweigh the evidence or make credibility determinations. Therefore, the ALJ's decision is affirmed.

## CONCLUSION

Based on the foregoing analysis, the Court hereby ADOPTS the Report and Recommendation [21] as the findings and conclusions of the Court. Therefore,

IT IS ORDERED that Plaintiff's Objection [22] is OVERRULED and Plaintiff's Motion to Remand [12] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [19] is GRANTED.

SO ORDERED.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR U.S. DISTRICT JUDGE

Dated: March 16, 2012

---

### CERTIFICATE OF SERVICE

I hereby certify on March 16, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 16, 2012: **None.**

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182